IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**LARRY GONZALES, Individually and on**                          **PLAINTIFF**
**Behalf of All Others Similarly Situated**


vs.                                    No. 5:15-cv-882-DAE


**LONE STAR WIRELINE SERVICES, LLC, and**
**CLAYTON W. PETROSKY, Individually and**
**as an Officer of LONE STAR WIRELINE SERVICES, LLC**          **DEFENDANTS**


**MOTION TO STRIKE THE ANSWER OF SEPARATE DEFENDANT LONE STAR
WIRELINE, LLC, AND FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS**


COMES NOW Plaintiff Larry Gonzales, individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Motion to Strike the Answer of Separate Defendant Lone Star Wireline, LLC, and for Default Judgment Against all Defendants, and in support thereof he does hereby state and allege as follows:

1.    On October 27, 2015, Plaintiff filed his First Amended and Substituted Complaint—Collective Action against Lone Star Wireline, LLC ("Lone Star"). ECF No. 4.

2.    On December 23, 2015, Plaintiff served his First Amended and Substituted Complaint—Collective Action along with a copy of the Summons issued herein, via personal service on Clayton W. Petrosky ("Petroskly") as the registered agent for service of Lone Star. ECF No. 9.

3.    On January 19, 2016, Plaintiff filed his Second Amended and Substituted

Page 1 of 7
Larry Gonzales, et al. v. Lone Star Wireline Services, LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-882-DAE
Motion to Strike the Answer of Lone Star Wireline, LLC,
and for Default Judgment Against all Defendants

Complaint—Collective Action, adding Petrosky as a Defendant, both individually and as an officer of Lone Star. ECF No. 11

4.      On January 22, 2016, Petrosky filed, in an unauthorized practice of law, an Answer on behalf of Lone Star. ECF No. 14.

5.      Plaintiff respectfully requests that this Court strike Lone Star's Answer as its filing was an unauthorized practice of law.

6.      On January 23, 2016, Plaintiff served his Second Amended and Substituted Complaint—Collective Action along with a copy of the Summons issued herein, via personal service on Petrosky. ECF No. 15.

7.      Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, Petrosky was required to have filed and served his Answer to Plaintiff's Second Amended and Substituted Complaint—Collective Action by no later than February 15, 2016.

8.      On April 19, 2016, Plaintiff's counsel appeared before this Court for a Scheduling Conference. Petrosky did not appear at the Scheduling Conference, and the Court suggested that Plaintiff file this Motion for Default Judgment against him.

9.      On May 5, 2016, this Court granted Plaintiff's Motion for Conditional Certification. ECF No. 25.

10.     On May 19, 2016, Plaintiff's counsel again appeared before this Court for a hearing. Petrosky did not appear at this hearing.

11.     As of the filing of this Motion for Default Judgment, no responsive pleading, motion to dismiss, or any other item whatsoever has been filed herein by or on behalf of Petrosky.

12.     Similarly, no such document has been served on Plaintiff or his counsel.

Page 2 of 7
Larry Gonzales, et al. v. Lone Star Wireline Services, LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-882-DAE
Motion to Strike the Answer of Lone Star Wireline, LLC,
and for Default Judgment Against all Defendants

13.     No extension of any kind has been granted to Petrosky by Plaintiff or by counsel for Plaintiff.

14.     To the best of Plaintiff's knowledge and belief, Petrosky is not an infant or incompetent person, and is not in active military service.

15.     Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure Plaintiff requests that this Court enter default judgment against Petrosky and grant the relief requested in his Complaint as set forth herein below.

16.     Plaintiff requests that the Court waive its requirement for compliance with LR 7(d) in view of the fact that this Motion was filed following the Order entered on May 19, 2016, and Defendant is *pro se.*

WHEREFORE, premises considered, Plaintiff Larry Gonzales respectfully requests that the Court strike Defendant Lone Star's Answer; enter judgment against Defendants as set forth herein above; for a hearing where Plaintiff may present for damages, unless the Court would prefer the submission of a sworn statement in keeping with the damages alleged in the Complaint; for attorney's fees and costs incurred herein; that the Court dismiss and for all other good and proper relief to which he may be entitled, whether or not specifically requested herein.

## BRIEF IN SUPPORT

Plaintiff is entitled by law to a judgment by default against Defendants as a result of Defendants' failure to file any valid responsive pleading herein within the time allowed by the Federal Rules of Civil Procedure.  Plaintiff has alleged facts that establish a basis for Plaintiff's claims relating to violations of overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and liquidated damages. Also,

Page 3 of 7
Larry Gonzales, et al. v. Lone Star Wireline Services, LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-882-DAE
Motion to Strike the Answer of Lone Star Wireline, LLC,
and for Default Judgment Against all Defendants

Plaintiff has established that he is entitled to damages in a total amount to be determined after a hearing on this matter,[1] but which will include unpaid overtime wages (with an equal amount as liquidated damages) as well as an award of his Court costs and a reasonable attorney's fee.

Plaintiff was employed by Petrosky as an Engineer within the three years preceding the filing of this lawsuit. ECF No. 11 at ¶ 6. During Plaintiff's employment, he was paid a salary and was not paid overtime for hours worked in excess of forty (40) per week. Id. at ¶ 27. As an Engineer, Plaintiff's primary job duty was manual labor, spending his physical and demanding shifts outdoors and not in an office. Id. at ¶ 30-31. Plaintiff was not required to have any special education or specialized knowledge to perform his job. Id. at ¶ 29.

Because there is no exemption to the FLSA for which Plaintiff is qualified, he should have been paid overtime wages for all of his hours worked over forty per week, and he is entitled to a ruling to this effect. Plaintiff is entitled to one and one-half times his regular rate for all hours worked over forty per week. In addition, Plaintiff should be permitted to choose if he will prove his damages either by obtaining his pay records from Defendant or by testifying based upon his best estimates, either in person or by declaration.

In his declaration, Plaintiff states that he worked for Defendant from about July of 2014 until about February of 2015, or about 31 weeks. Plaintiff states that he worked an

---

1       In lieu of the hearing contemplated in the preceding paragraph, Plaintiff has submitted a sworn declaration, attached hereto as Exhibit A, regarding his uncompensated or under-compensated regular and overtime labor that is in line with the allegations he made about his unpaid minimum and overtime wages in the Complaint.

Page 4 of 7
Larry Gonzales, et al. v. Lone Star Wireline Services, LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-882-DAE
Motion to Strike the Answer of Lone Star Wireline, LLC,
and for Default Judgment Against all Defendants

average of 90 hours per week, making his average number of overtime hours 50 per week. Plaintiff was not paid any overtime for the hours he worked in excess of forty (40) per week. Plaintiff was paid a salary of $8,500.00 per month plus a non-discretionary bonus of approximately $12,000.00 per month. Plaintiff's regular rate can be calculated by adding his $8,500.00 salary and $12,000.00 bonus and dividing by 52 weeks, then dividing by the 90 hours he worked in each workweek. Plaintiff's declaration is credible and the Court accepts it as true. Thus, Plaintiff's regular rate was $21.80 and he should have been paid $32.70 for each hour that he worked in excess of forty (40) during the pay periods in which he did not receive bonuses, and his regular rate was $52.56 and he should have been paid $78.84 for each hour that he worked in excess of forty (40) during the pay periods in which he did receive bonuses. Plaintiff's total damages can be calculated by multiplying his 31 weeks of employment by the overtime rates he should have received for those hours. The total amount owed to Plaintiff in unpaid overtime is $84,443.50.

The FLSA directs that liquidated damages in an amount equal to any judgment awarded on overtime pay violation claim be awarded if the employer fails to carry its burden of proving that it acted in good faith and with reasonable grounds for violating the FLSA.  By failing to appear and defend herein, Defendant has failed to meet its burden of proving that it acted in objective and subjective good faith. Therefore, Plaintiff should also be awarded liquidated damages equal to any amount of damages for unpaid overtime wages awarded to him.

In addition, the FLSA mandates that an employee who is awarded damages against his or her employer for minimum wage or overtime violations of the FLSA be

Page 5 of 7
Larry Gonzales, et al. v. Lone Star Wireline Services, LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-882-DAE
Motion to Strike the Answer of Lone Star Wireline, LLC,
and for Default Judgment Against all Defendants

awarded a reasonable attorney's fees and costs incurred in having pursued the case. Specifically, 29 U.S.C. § 216(b) states that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fees to be paid by the defendant, and costs of the action." (emphasis added). Plaintiff requests that this Court award the amounts of $1,363.85 in costs and $14,209.00 in attorney's fees incurred by Plaintiff in this matter. See Declaration of Attorney Josh Sanford and Sanford Law Firm, PLLC, Invoice, attached hereto as Exhibits B and C, respectively.

Finally, Plaintiff is entitled to a three-year limitations period based on the willfulness of Defendant's violation. When an employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute," the employer has committed a willful violation and a three-year limitations period applies to the claims of employees. McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988). Plaintiff has alleged that Defendant's violations were willful since Defendant had knowledge of the FLSA's requirements. Therefore, Plaintiff is entitled to a judgment of this Court finding that the three-year statute of limitations is applicable to Plaintiff's claims.

WHEREFORE, premises considered, Plaintiff respectfully requests that the Court enter judgment against Defendant Clayton W. Petrosky, as set forth herein above; for a hearing where Plaintiff may present for damages, as set forth herein above, unless the Court would prefer to use Plaintiff's sworn statement in keeping with the damages alleged in the Complaint; for attorney's fees and costs incurred herein; and for all other good and proper relief to which he may be entitled, whether or not specifically requested herein.

**Page 6 of 7**
**Larry Gonzales, et al. v. Lone Star Wireline Services, LLC, et al.**
**U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-882-DAE**
**Motion to Strike the Answer of Lone Star Wireline, LLC,**
**and for Default Judgment Against all Defendants**

Respectfully submitted,

**LARRY GONZALES, Individually and
on behalf of All Others Similarly
Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By:   */s/ Josh Sanford*
Josh Sanford
Texas Bar No. 24077858
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Josh Sanford, do hereby certify that a true and correct copy of the foregoing
MOTION was electronically filed with the Clerk for the U.S. District Court, Western
District of Texas, on May 23, 2016, using the electronic case filing system of the Court.
A copy of the foregoing was mailed to the following address:

Clayton W. Petrosky
2706 County Road
Post Office Box 497
Danbury, Texas 77534

*/s/ Josh Sanford*
**Josh Sanford**

**Page 7 of 7
Larry Gonzales, et al. v. Lone Star Wireline Services, LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 5:15-cv-882-DAE
Motion to Strike the Answer of Lone Star Wireline, LLC,
and for Default Judgment Against all Defendants**